UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MEDICAL PROPERTIES TRUST, INC. STOCKHOLDER DERIVATIVE LITIGATION | Case No.: 1:23-cv-10934-VSB<br>(Consolidated) |

**JOINT STIPULATION AND [PROPOSED] ORDER STAYING CONSOLIDATED DERIVATIVE ACTIONS**

**WHEREAS**, on December 18, 2023, Plaintiff Kunihiko Kanno filed a shareholder derivative action on behalf of Nominal Defendant Medical Properties Trust, Inc. ("MPT" or the "Company") in this Court making claims for violations of the Securities Exchange Act of 1934 (the "Exchange Act"), breach of fiduciary duties, abuse of control, waste of corporate assets, gross mismanagement, and unjust enrichment against Defendants Edward K. Aldag, Jr., J. Kevin Hanna, R. Steven Hamner, G. Steven Dawson, Caterina A. Mozingo, Emily W. Murphy, Elizabeth N. Pitman, D. Paul Sparks, Jr., Michael G. Stewart, and C. Reynolds Thompson, III (collectively, the "Individual Defendants," and together with MPT, the "Defendants"), and for contribution under Sections 10(b) and 21D of the Exchange Act against certain of the Individual Defendants, captioned *Kanno* v. *Aldag, et al.*, Case No. 1:23-cv-10934-VSB (the "Kanno Derivative Action");

**WHEREAS**, on March 1, 2024, Plaintiff Kyle Abbey (collectively with Plaintiff Kunihiko Kanno, the "Derivative Plaintiffs") filed a shareholder derivative action on behalf of Nominal Defendant MPT in this Court making claims for violations of the Exchange Act, breach of fiduciary duties, waste of corporate assets, gross mismanagement, and unjust enrichment against the Individual Defendants, and for contribution under Sections 10(b) and 21D of the Exchange Act against certain of the Individual Defendants, captioned *Abbey* v. *Aldag, et al.*, Case No. 1:24-cv-01589-GHW (the "Abbey Derivative Action");

**WHEREAS**, on June 12, 2024, the Court consolidated the Kanno Derivative Action and the Abbey Derivative Action, *see In re Medical Properties Trust, Inc. S'holder Derivative Litig.*, Case No. 1:23-cv-10934-VSB (S.D.N.Y. June 12, 2024) (Docs. 12, 13) (the "Consolidated Derivative Actions");

**WHEREAS**, an earlier-filed and factually-related putative securities class action is pending in this Court, captioned *Armstrong* v. *Medical Properties Trust, Inc., et al.*, Case No. 1:23-cv-08597-VSB (the "Securities Action"), in which the plaintiff asserts federal securities claims against the Company and certain of its officers;

**WHEREAS**, there is substantial overlap between the facts and circumstances alleged in the Consolidated Derivative Actions and Securities Action, and several of

the Defendants in the Consolidated Derivative Actions are also named as defendants in the Securities Action (the "Securities Action Defendants");

**WHEREAS**, the Securities Action Defendants anticipate filing a motion to dismiss the Securities Action after the Court enters an order appointing Lead Plaintiff and Lead Counsel in the Securities Action and the Lead Plaintiff identifies the operative complaint thereafter;

**WHEREAS**, in order to ensure economy of time and effort for the Court, counsel, and the parties, the Derivative Plaintiffs and Defendants have agreed that, in light of the overlap between the Consolidated Derivative Actions and the Securities Action, the Consolidated Derivative Actions should be stayed on the terms set forth below pending resolution of the anticipated motion to dismiss in the Securities Action;

**WHEREAS**, the Parties, by and through their counsel, have met and conferred and, for the convenience of the Parties and the Court, hereby enter into the following stipulation, subject to the Court's approval;

NOW, THEREFORE, IT IS THEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the Parties, that:

1. The Consolidated Derivative Actions shall be stayed unless and until either (1) the Securities Action is dismissed, with prejudice, and all appeals related thereto have been exhausted; (2) all motions to dismiss the Securities Action are

denied in full or in part, and all appeals related thereto have been exhausted; (3) any party to the Consolidated Derivative Actions successfully moves to lift the stay; or (4) Derivative Plaintiffs lift the stay pursuant to paragraph 3 herein. Defendants shall not be required to respond to the complaints in the Consolidated Derivative Actions until such time as is provided in a future scheduling order entered after the stay is lifted.

2. If and when the stay of the Consolidated Derivative Actions is lifted, the Parties shall, within thirty (30) days, submit a proposed scheduling order governing further proceedings in the Consolidated Derivative Actions.

3. Defendants will promptly notify the Derivative Plaintiffs' counsel of any related derivative action. Defendants will promptly notify the Derivative Plaintiffs' counsel in the event any related derivative action is not stayed on terms similar to the stay of this action. The Parties agree that if any related derivative lawsuit is not stayed, the Derivative Plaintiffs may lift the stay of this action upon fourteen (14) days' notice in writing to the undersigned Counsel for Defendants via email and filed with the Court.

4. The Parties agree that during the pendency of this stay and up to one year thereafter, Defendants shall give the Derivative Plaintiffs reasonable advance notice of any determination to mediate with (1) the plaintiff in the Securities Action, or (2) any other derivative plaintiffs who have asserted claims substantially similar

to the claims asserted by the Derivative Plaintiffs in the Consolidated Derivative Actions. The Parties agree that the Derivative Plaintiffs shall be included in any mediation of any derivative actions asserting claims substantially similar to the claims asserted in the Consolidated Derivative Actions, and Defendants shall allow the Derivative Plaintiffs to participate in the mediation of the Securities Action unless plaintiff in the Securities Action objects, in which event Defendants will mediate with the Derivative Plaintiffs at or about the same time.

5. If Defendants produce documents or written discovery to any shareholder in response to a related books and records demand or to any plaintiffs in any related derivative action, Defendants shall promptly provide copies to the Derivative Plaintiffs subject to the Parties entering into a reasonable confidentiality agreement that governs use of such documents in the Consolidated Derivative Actions.

6. During the stay, the Derivative Plaintiffs may file amended complaints, but Defendants shall not be required to respond to any such amended complaint until after the stay of proceedings is lifted and the Parties have filed with the Court a proposed scheduling order governing further proceedings.

7. This Stipulation is without prejudice to any and all defenses Defendants may assert in the Consolidated Derivative Actions, and without prejudice to any and

all claims the Derivative Plaintiffs may assert in the Consolidated Derivative Actions.

**SO ORDERED** on this ____ day of ____________, 2024.

______________________________
**VERNON S. BRODERICK**
UNITED STATES DISTRICT JUDGE

Dated: July 2, 2024

WACHTELL, LIPTON, ROSEN & KATZ

/s/ *Nathaniel Cullerton*
William Savitt
Sarah K. Eddy
Nathaniel Cullerton
51 West 52nd St.
New York, NY 10019
Telephone: (212) 403-1000
Fax: (212) 403-2000
wdsavitt@wlrk.com
skeddy@wlrk.com
ndcullerton@wlrk.com

*Attorneys for Defendants*

Dated: July 2, 2024

THE BROWN LAW FIRM, P.C.

/s/ *Timothy Brown*

Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Fax: (516) 344-6204
tbrown@thebrownlawfirm.net

*Co-Lead Counsel for Plaintiffs*

RIGRODSKY LAW, P.A.

/s/ *Timothy J. MacFall*

Seth D. Rigrodsky (#3147)
Timothy J. MacFall
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
sdr@rl-legal.com
tjm@rl-legal.com
gms@rl-legal.com
hwm@rl-legal.com

*Co-Lead Counsel for Plaintiffs*